IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Bankruptcy Matter of:

Corazon Heras

Debtor

Bankruptcy No. 14-45925
Judge Timothy A. Barnes
Chapter: 13

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM #4 OF LVNV FUNDING, LLC

NOW COMES LVNV Funding, LLC its successors and assigns, as assignee of FIA Card Services, N.A. (hereinafter "Creditor"), through its attorney, Kenneth W. Bach of Johnson, Blumberg & Associates, LLC, and responds to the Debtor's Objection to its claim as follows:

1. The Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on December 29, 2014.

    **RESPONSE: Creditor admits the allegations in paragraph 1.**

2. On May 1, 2015, LVNV Funding, LLC its successors and assigns as assignee of FIA Card Services, N.A. filed an unsecured non-priority proof of claim (4-1) for $27,180.03.

    **RESPONSE: Creditor admits the allegations in paragraph 2.**

3. On May 5, 2015, LVNV Funding, LLC its successors and assigns as assignee of FIA Card Services, N.A filed an amended unsecured non-priority proof of claim (4-2) for $27,180.03. *See* attached Exhibit is a true and accurate copy of the amended proof of claim filed by LVNV Funding, LLC its successors and assigns as assignee of FIA Card Services, N.A. on May 5, 2015.

    **RESPONSE: Creditor admits the allegations in paragraph 3.**

4. According to the Proof of Claim – Account Detail (page 4) attached, LVNV Funding, LLC its successors and assigns as assignee of FIA Card Services, N.A . this account was originally an account of FIA Card Services, N.A. prior to October 24, 2012. The Proof of Claim - Account Detail (page 4) also indicates that the last transaction date and the last payment date are July 30, 2009 and the Account Charge off Date was January 30, 2010.

**RESPONSE:  Creditor denies that the Proof of Claim – Account Detail (page 4) indicates that the account was originally an account of FIA Card Services. The Account Detail page only indicates that FIA Card Services, N.A., was the creditor from which the account was purchased.  Creditor admits the remaining allegations in paragraph 4.**

5. For an account of this type the applicable statute of limitations is five years from breach.  See 735 ILCS 5/13-205.

**RESPONSE:  Paragraph 5 states a legal conclusion, for which no response is required.**

6. The Illinois Appellate Court held in *Portfolio Acquisitions, LLC vs. Feltman*, 909 N.E.2d 876 (1st Dist. 2009) that a credit card agreement was an unwritten contract subject to Illinois' five year statute of limitations, rather than its 10-year statute of limitations.

**RESPONSE:  Creditor admits that the contract at issue in the cited case was considered to be an oral contract by the court, and therefore subject to the five year statute of limitations.  Creditor denies the remaining allegations in paragraph 6.**

7.   LVNV Funding, LLC its successors and assigns, as assignee of FIA Card Services, N.A. has not previously filed suit and a claim based on this account was not made until May 5, 2015 which is substantially after the five year statute of limitations imposed by Illinois Law (Last Payment Date July 30, 2009).

**RESPONSE: Creditor denies the allegations in Paragraph 7. Creditor filed a claim to recover this debt as claim number 2-1 in case 12-36139 on September 25, 2012. Creditor denies that the limitations period has lapsed.**

8.   Claims 4-1 and amended 4-2 are timed barred and should be denied by this Court pursuant to 11 USC 502(b)(1) on that basis.

**RESPONSE: Creditor denies the allegations in Paragraph 8.**

9.   A proof of claim executed and filed in accordance with Rule 3001 shall constitute prima facie evidence of the validity and amount of the claim. Rule 3001(f).

**RESPONSE: Creditor agrees that this is a legal standard applicable to the issues before the Court.**

10.  "Claim objectors carry the initial burden to produce some evidence to oversome the rebuttable presumption of validity." *In re Dugar,* 392 B.R. 745, 749 (Bankr.N.D.Ill 2008).

**RESPONSE: Creditor agrees that this is a legal standard applicable to the issues before the Court.**

11. "Once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim is in fact allowable." *In re Vanhook*, 426 B.R. 296,299 (Bank.N.D. Ill. 2010).

**RESPONSE: Creditor agrees that this is a legal standard applicable to the issues before the Court.**

12. "However, the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." *In re Watson*, 402 B.R. 294, 297 (Bankr.N.D.Ind. 2009).

**RESPONSE: Creditor agrees that this is a legal standard applicable to the issues before the Court.**

CREDITOR FURTHER AFFIRMATIVELY STATES,

Even if Debtor is correct that the five-year statute of limitations is the correct statute to apply to this claim, the limitations period has not lapsed.

The Debtor claims that the limitations period began to run on July 30, 2009, however, the "five year statutory period commences with either the charge off date or the last date of payment" *Citibank (S.D.) N.A. v. Covaci*, 2014 IL App (1st) 140521-U, P39 (Ill. App. Ct. 1st Dist. 2014) (citing *Parkis v. Arrow Financial Services*, LLS, No. 07 C 410, 2008 U.S. Dist. LEXIS 1212, 2008 WL 94798 (N.D. Ill. Jan. 8, 2008). In *Parkis*, the court used the latter of the two options to begin the limitation period. *Parkis*, 2008 U.S. Dist. LEXIS 1212 at 18. In this

case, the latter of the past payment date or the charge off date is the charge off date of January 30, 2009.

Furthermore, the running of the statute of limitations is tolled by the Debtor's five bankruptcy cases. Pursuant to 11 U.S.C. § 108(c), suspensions of deadlines that are expressly provided in other statutes are incorporated into the Bankruptcy Code. *Aslanidis v. United States Lines,* 7 F.3d 1067, 1073 (2d Cir. N.Y. 1993). Such suspension is provided by 735 ILCS 5/13-216. Kimbrell v. Brown, 651 F.3d 752, 756 (7th Cir. Ill. 2011). The Debtor's prior bankruptcy cases suspend the statute of limitations as follows:

   Case 10-30106:  Filed 7/6/10, dismissed 8/4/10 (30 days)

   Case 10-45522:  Filed 10/12/10, dismissed 11/29/10 (49 days)

   Case 12-27365:  Filed 7/10/12, dismissed 8/27/12 (49 days)

   Case 12-36139: Filed 9/12/12, dismissed 12/19/12 (99 days)

   Case 13-17778:  Filed 4/29/13, dismissed 6/12/13 (45 days)

The total suspension to the accrual of the limitations period is 272 days. Given that the limitations period began on January 30, 2010 and would expire January 29, 2015 were it not tolled, the 272-day suspension of the limitations period pushes expiration back to September 27, 2015. Therefore, the statute of limitations had not expired prior to the filing of this case.

WHEREFORE, LVNV Funding, LLC its successors and assigns, as assignee of FIA Card Services, N.A. prays that Debtor's Objection to Claim #4 is overruled, and for other relief as the Court finds just.

/s/ Kenneth W. Bach
Kenneth W. Bach, ARDC #6295816
Attorney for LVNV Funding, LLC its
successors and assigns, as assignee of FIA Card
Services, N.A.

Kenneth W. Bach
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE